OWEN, Chief Judge.
This is an appeal from denial of a Rule 3.850, RCrP, 33 F.S.A., motion to vacate. We affirm.
Herbert Newsome was convicted for violation of the Child Molester Act, F.S. Section 801.01 et seq. F.S.A., which conviction was affirmed. Newsome v. State, Fla.App.1968, 215 So.2d 29. His most recent motion to vacate under Rule 3.850, RCrP alleged three grounds, namely, (1) the trial court, in imposing sentence, used as a basis for enhanced punishment two prior un-counseled convictions of armed robbery, (2) that prior uncounseled convictions of defendant were used for impeachment purposes during the trial of the defendant, and (3) that the statute under which appellant was convicted, F.S. Section 801.02, F. S.A., depended upon F.S. Section 800.01, F.S.A., for definition and the latter statute having since been declared unconstitutional, F.S. Section 801.02, F.S.A. has likewise been rendered unconstitutional. Although an evidentiary hearing was granted, no testimony was taken because the parties *570 were able to stipulate to all necessary-facts. The court denied the motion on all grounds.
On this appeal the only question raised relates to the second ground, i. e., that it was error to deny the motion to vacate when the State had used at defendant’s trial prior, void convictions for purposes of impeachment. Appellant cites Loper v. Beto, 1972, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374, as standing squarely for the proposition that a conviction thus obtained is invalid.
At trial defendant, testifying in his own behalf, was asked on direct examination whether he had ever been convicted of a crime, to which he replied in the affirmative. On cross examination, the prosecutor asked whether defendant had previously been convicted of a crime more than one time, to which the defendant responded in the affirmative. There were no other questions on direct or cross examination relating to this matter. At the evidentiary hearing on the motion to vacate, the trial court had before it appellant’s “rap sheet”. While it was not made a part of the record, it is apparent that the court and counsel recognized that appellant did have, at the time of his trial on the child molester charge, at least one prior felony conviction at which he had been represented by counsel, and one or more prior felony convictions at which he had not been represented by counsel.
We conclude that this case is distinguishable from Loper v. Beto, supra, for two reasons, either of which standing alone would sufficiently distinguish the case. In the first place, it was the defendant himself who introduced into evidence the question of his prior convictions as affecting his credibility. The State cannot be faulted for merely asking on cross examination whether there was more than one such prior conviction. In the second place, with the impeachment testimony having been limited as above outlined, there is no way of knowing whether the prior conviction which defendant himself introduced on direct examination was counsel attended or uncounseled. Thus, there is no way of knowing that the cross examination necessarily brought an uncounseled conviction to the knowledge and attention of the jury.
In our opinion the trial court did not err in denying the motion to vacate on the second ground, the only issue raised on this appeal. The order denying the motion is affirmed.
Affirmed.
WALDEN and CROSS, JJ., concur.